# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| HUDSON INSTITUTE OF PROCESS RESEARCH INCORPORATED, § § § *Plaintiff,* § § v. § § NATIONAL LABOR RELATIONS § BOARD, *et al.*, § § *Defendants.* § | Civil Action No. 4:24-cv-989 Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Emergency Motion for Preliminary Injunction and Supporting Brief (Dkt. #2). Having considered the Motion and the relevant pleadings, the Court finds that the Motion should be **GRANTED in part and DENIED in part**.

### BACKGROUND

This is a collateral attack on administrative proceedings before the National Labor Relations Board ("NLRB"). Plaintiff Hudson Institute of Process Research Incorporated provides legal support services to law firms (Dkt. #2 at p. 3). Specifically, Plaintiff "provides IT support, software solutions and legal staffing and HR solutions, including recruitment and hiring of legal writers, and provision of software and case management systems, to support its law firm clients" (Dkt. #2 at p. 3). In summer 2021, the United Electrical, Radio, and Machine Workers of America ("UE") filed separate petitions for an election to represent the employees of HIPR Pacsoft Technologies ("HIPR") and Hudson, a Professional Corporation ("Hudson") (Dkt. #2 at p. 3). Hudson and HIPR objected to the inclusion of certain individuals in the putative unit of employees (Dkt. #1 at p. 6). According to Hudson, these individuals performed job duties such as assigning work,

evaluating work, issuing discipline, creating and managing performance improvement plans, as well as effectively recommending wage increases, bonuses, and promotions for employes they supervise (Dkt. #1 at p. 6). As such, Hudson argued that these individuals qualify as supervisors under the National Labor Relations Act ("NLRA"), so they do not qualify for the NLRA's protection for employees and a representation election that includes these supervisors should not be certified by the NLRB (Dkt. #1 at p. 6). However, the NLRB later determined that these individuals were not supervisors and certified an employer-wide bargaining unit (Dkt. #1 at p. 9). In July 2022, Hudson and HIPR merged their workforce and formed a new company, Hudson Institute of Process Research Incorporated—the Plaintiff in this case (Dkt. #1 at p. 10). Plaintiff declined to bargain with UE so it could appeal the NLRB's decision to the Fifth Circuit, which Plaintiff did (*See* Dkt. #1 at p. 10).

As the case was pending before the Fifth Circuit, the NLRB pursued various unfair labor charges against Plaintiff, resulting in two distinct proceedings—the First Consolidated Proceeding and the Second Consolidated Proceeding (Dkt. #1 at pp. 10, 13). On September 18, 2024, the Fifth Circuit rendered its decision. *See Hudson Inst. of Process Rsch. Inc. v. NLRB*, 117 F.4th 692, 696 (5th Cir. 2024). The Fifth Circuit determined that the "NLRB's certification of an employer-wide unit was lawful," however, "the bargaining unit improperly included supervisors who are not empowered with collective bargaining rights." *Id*. at 707. Thus, Plaintiff did not violate the NLRA by refusing to bargain with UE. *Id*. The NLRB then sought to reopen the First Consolidated Proceeding (Dkt. #2 at p. 12). Currently, the First Consolidated Proceeding is awaiting a decision and recommended order by an administrative law judge ("ALJ"). Crucially, the Second Consolidated Proceeding has been *indefinitely* postponed (Dkt. #79 at p. 2).

2

On November 5, 2024, Plaintiff filed this suit, seeking to enjoin the First and Second Consolidated Proceedings (Dkt. #1). On the same day, Plaintiff also filed its Emergency Motion for Preliminary Injunction and Supporting Brief (Dkt. #2). On November 19, 2024, Defendants filed their Response (Dkt. #23). Plaintiff filed its Reply on November 26, 2024 (Dkt. #31). Defendants filed their Sur-Reply on December 3, 2024 (Dkt. #35). Throughout the life of this case, the parties and UE have filed numerous Notices, which the Court carefully considered.

## LEGAL STANDARD

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 24 (2008). A party seeking a preliminary injunction must establish the following elements: (1) a substantial likelihood of success on the merits; (2) a substantial threat that plaintiffs will suffer irreparable harm if the injunction is not granted; (3) that the threatened injury outweighs any damage that the injunction might cause the defendant; and (4) that the injunction will not harm the public interest. *Nichols v. Alcatel USA, Inc.*, 532 F.3d 364, 372 (5th Cir. 2008). "The first factor—likelihood of success on the merits—is the most important." *United States v. Abbott*, 110 F.4th 700, 706 (5th Cir. 2024) (citation modified). "A preliminary injunction . . . should only be granted if the plaintiffs have clearly carried the burden of persuasion on all four requirements." *Id.* Further, "the final two injunction factors—balance of harms and the public interest—merge when the Government is the opposing party." *Space Expl. Techs. Corp. v. NLRB*, No. 24-50627, 2025 WL 2396748, at *7 (5th Cir. Aug. 19, 2025) (citation modified). Nevertheless, a movant "is not required to prove [its] case in full at a preliminary injunction hearing." *Fed. Sav. & Loan Ins. Corp. v. Dixon*, 835 F.2d 554, 558 (5th Cir. 1987) (quoting *Univ. of Tex. v. Comenisch*, 451 U.S. 390, 395 (1981)). The decision whether to grant a preliminary

injunction lies within the sound discretion of the district court. *See Weinberger v. Romero-Barcelo*, 456 U.S. 305, 320 (1982).

## ANALYSIS

Plaintiff urges the Court to enjoin the NLRB proceedings for a slew of reasons: (1) the NLRB's ALJs are unconstitutionally insulated from removal; (2) the NLRB's Members are unconstitutionally insulated from removal; (3) the NLRB's adjudication of private rights and legal relief violates the Seventh Amendment to the Federal Constitution; and (4) the NLRB's wielding of executive, judicial, and legislative functions violates the separation of powers and due process (Dkt. #2 at pp. 14–24). The Court must determine whether Plaintiff satisfies the elements for a preliminary injunction. As explained below, regarding the First Consolidated Proceeding, Plaintiff carries its burden on its first two arguments. Plaintiff fails to carry its burden as to the Second Consolidated Proceeding.

### I.     The Court's Jurisdiction and Severability

Before proceeding to the preliminary injunction analysis, the Court begins, as it must, with jurisdiction. The NLRB contends that the Court lacks jurisdiction to enjoin the administrative proceedings because of the Norris-LaGuardia Act (Dkt. #23 at p. 8 (citing 29 U.S.C. § 101)). The Fifth Circuit, however, recently held the opposite. Directly addressing this argument, the Fifth Circuit held that district courts have authority to enjoin administrative proceedings before the NLRB. *Space Expl. Techs. Corp.*, 2025 WL 2396748, at *6. Thus, the Court has authority to enjoin the proceedings if Plaintiff satisfies the preliminary injunction elements. Relatedly, the NLRB's argument regarding severance is unpersuasive. The NLRB claims that the Court should sever the unconstitutional provisions of the NLRA and deny injunctive relief (Dkt. #23 at p. 28). Again, the Fifth Circuit cut this argument off at the knees when it determined that issues regarding severability

belong at the merits phase when the Court considers final relief. *Space Expl. Techs. Corp.*, 2025 WL 2396748, at *7. Now, to the preliminary injunction analysis.

## II. Likelihood of Success on the Merits

Plaintiff is likely to succeed on the merits that the NLRB's Members and ALJs are unconstitutionally insulated from removal. In *Space Exploration Technologies Corporation v. NLRB*, the employers raised the same arguments as Plaintiff raises in this case—that the NLRB's Members and ALJs are unconstitutionally insulated from removal. *See Space Expl. Techs. Corp.*, 2025 WL 2396748, at *8–12. The Fifth Circuit determined that "[b]ecause the NLRB ALJs are inferior officers insulated by two layers of for-cause protection, the removal restrictions are unconstitutional." *Id.* at *9. Similarly, the Fifth Circuit also held that the employers are likely to succeed on the merits on their challenge to the removal protections for the NRLB's Members. *Id.* at *12. Accordingly, the Court reaches the same conclusion here—Plaintiff is likely to succeed on the merits that the NRLB's members and ALJs are unconstitutionally insulated from removal. *See Abbott*, 110 F.4th at 706 (noting that likelihood of success on the merits is the most important factor).

## III. Irreparable Harm

There is a substantial threat that Plaintiff will suffer irreparable harm if the injunction is not granted as to the First Consolidated Proceeding, but not the Second Consolidated Proceeding. Once more, the Fifth Circuit provides the Court with a clear answer: "forcing [Plaintiff] to appear before an unconstitutionally structured agency inflicts irreparable harm." *See Space Expl. Techs. Corp.*, 2025 WL 2396748, at *13. Thus, the Court finds that Plaintiff satisfies this element as to the First Consolidated Proceeding.

However, the Regional Director for NLRB Region 6 issued an order indefinitely postponing the hearing in the Second Consolidated Proceeding (Dkt. #79 at p. 1). Accordingly, Plaintiff cannot prove it will suffer irreparable harm if the injunction is not granted. *Nichols*, 532 F.3d at 372.

## IV. The Balance of the Equities and the Public Interest

Plaintiff satisfies these elements. As previously mentioned, these two elements merge when the government is the opposing party. *Nken v. Holder*, 556 U.S. 418, 435 (2009). The Fifth Circuit determined that the "Government suffers no cognizable injury when a court halts unlawful agency action. Nor does the public interest suffer when an unlawful agency structure is prevented from subjecting countless individuals and companies to unconstitutional proceedings." *Space Expl. Techs. Corp.*, 2025 WL 2396748, at *14 (citation modified). Rather, "the public is served when the law is followed." *Id.* (citation modified). That reasoning carries the day here as well. Accordingly, the Court finds that Plaintiff satisfies these elements. In conclusion, Plaintiff carried its burden by demonstrating all of the preliminary injunction elements cut in its favor. *Nichols*, 532 F.3d at 372. The Court will issue injunctive relief as to the First Consolidated Proceeding, but *not* the Second Consolidated Proceeding.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff's Emergency Motion for Preliminary Injunction and Supporting Brief (Dkt. #2) is hereby **GRANTED in part and DENIED in part**.

It is further **ORDERED** that Defendants, and their officers, agents, employees, attorneys, and other persons in active concert with them are immediately **ENJOINED** from administratively proceeding against Plaintiff in the First Consolidated Proceeding pending an Order from the Court.

It is further **ORDERED** that Court hereby **DENIES without prejudice** Plaintiff's Motion as to the Second Consolidated Proceeding.

The Court will enter a scheduling order.

**IT IS SO ORDERED.**

**SIGNED this 22nd day of August, 2025.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE