IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| HUDSON INSTITUTE OF PROCESS RESEARCH INCORPORATED,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>NATIONAL LABOR RELATIONS BOARD, a federal administrative agency; JENNIFER ABRUZZO, in her official capacity as the General Counsel of the National Labor Relations Board; LAUREN M. McFERRAN, in her official capacity as the Chairman of the National Labor Relations Board, MARVIN E. KAPLAN, GWYNNE A. WILCOX, and DAVID M. PROUTY, in their official capacities as Board Members of the National Labor Relations Board, and LISA FRIEDHEIM-WEIS, in her official capacity as an Administrative Law Judge of the National Labor Relations Board,<br><br>　　　　　Defendants. | Civil Action No. 4:24-cv-00989<br>Judge Amos L. Mazzant, III |

**JOINT MOTION TO BE EXEMPT FROM MEDIATION**

The parties jointly request that the Court exempt them from mediation in the instant action. In support of this request, the parties state as follows:

1.　　On November 11, 2024, Plaintiff Hudson Institute of Process Research Incorporated ("Plaintiff") filed its Complaint and Emergency Motion for Preliminary Injunction against Defendants the National Labor Relations Board ("NLRB") and Jennifer Abruzzo, *et al.* (collectively "Defendants"). (ECF No. 1).

2.　　On March 5, 2025, Defendants filed a Notice of Modified Position informing the Court that the NLRB was no longer relying on its previous argument that the removal protections

afforded Administrative Law Judges ("ALJs") and Board Members comport with the separation of powers and Article II of the United States Constitution. (ECF No. 64).

3. On August 22, 2025, the Court granted in part Plaintiff's Motion for Preliminary Injunction and ordered that Defendants are enjoined from administratively proceeding against Plaintiff in the First Consolidated Proceedings. (ECF No. 81).

4. On August 22, 2025, the Court also issued its Scheduling Order, instructing that mediation must occur by **April 5, 2026**. (ECF No. 82).

5. On September 22, 2025, Defendants filed a motion to extend the time to file their Answer to the Complaint until after the issuance of the mandate in *Space Expl. Techs. Corp. v. NLRB*, 151 F.4th 761 (5th Cir. 2025) ("*SpaceX*"). (ECF No. 83).

6. On September 30, 2025, the Court granted Defendants' motion and ordered that Defendants' Answer was due 14 days after the issuance of the mandate in *SpaceX*. The Court ordered that the extension applied to all dates in the Scheduling Order. (ECF No. 84).

7. Pursuant to the Court's September 30, 2025 Order, extending the Scheduling Order dates, mediation must occur by **April 19, 2026**. (ECF No. 84).

8. On October 1, 2025, the United States Government shutdown commenced.

9. On October 10, 2025, the mandate was issued in *SpaceX*, making Defendants' Answer due on October 24, 2025.

10. On October 17, 2025, Defendants filed a Motion for Extension of Time to file an Answer due to the Government shutdown.

11. On November 13, 2025, the United States Government reopened.

12. On December 8, 2025, Defendants filed an Answer to the Complaint. (ECF No. 86).

2

13.     On February 23, 2026, the United Electrical, Radio and Machine Workers of America ("UE") filed a renewed Motion to Intervene. (ECF No. 87). The Court denied UE's first Motion to Intervene on July 23, 2025, citing the fact UE had been granted leave to file an *amicus curiae* brief, rendering its motion moot. (ECF No. 72).

14.     The parties jointly submit that mediation would be futile in this case because this matter concerns only legal issues, i.e., injunctive relief, which cannot be resolved through mediation.

15.     Plaintiff's claims raise purely legal questions regarding the constitutionality of the statutory removal protections afforded NLRB Administrative Law Judges ("ALJs") and Board Members. Constitutional challenges of this nature are unsuitable for mediation because they require judicial resolution and cannot be compromised or negotiated between the parties.

16.     Moreover, given Defendants' modified position not to defend the constitutionality of the removal protections, there is no genuine controversy between the existing parties that could be resolved through the mediation process.

17.     Requiring the parties to mediate under these circumstances would not preserve the judicial economy but would instead impose unnecessary costs and delay on both the parties and the Court without any realistic chance of advancing or resolving the dispute.

18.     Although the UE's motion remains pending before the Court, it does not affect the instant request because regardless of the Court's ruling on intervention, the issues in the case remain purely legal in nature and are not amenable to resolution through mediation.

19.     Accordingly, the parties respectfully request that the Court exempt them from mediation and permit the parties to proceed directly to summary judgment briefing.

Respectfully submitted,

/s/ Grace L. Pezzella
Grace L. Pezzella
Attorney
National Labor Relations Board
Contempt, Compliance, & Special Litigation
Branch
1015 Half St. SE
Washington, D.C. 20003
202-273-0247
grace.pezzella@nlrb.gov

Respectfully submitted,

/s/ Eric C. Wood
Eric C. Wood
State Bar No. 24037737
eric@brownfoxlaw.com
BROWN FOX PLLC
6303 Cowboys Way, Suite 450
Frisco, TX  75034
(214) 327-5000

Maureen Rouse-Ayoub*
Michigan Bar No. P46301
mrayoub@varnumlaw.com
VARNUM LLP
39500 High Pointe Blvd., Suite 350
Novi, MI  48375
(248) 567-7807

Neil E. Youngdahl*
Michigan Bar No. P82452
neyoungdahl@varnumlaw.com
VARNUM LLP
P.O. Box 352
Grand Rapids, MI  49501-0352
(616) 336-6000

* Admitted pro hac vice.

4

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| HUDSON INSTITUTE OF PROCESS RESEARCH INCORPORATED,<br><br>      Plaintiff,<br><br>v.<br><br>NATIONAL LABOR RELATIONS BOARD, a federal administrative agency; JENNIFER ABRUZZO, in her official capacity as the General Counsel of the National Labor Relations Board; LAUREN M. McFERRAN, in her official capacity as the Chairman of the National Labor Relations Board, MARVIN E. KAPLAN, GWYNNE A. WILCOX, and DAVID M. PROUTY, in their official capacities as Board Members of the National Labor Relations Board, and LISA FRIEDHEIM-WEIS, in her official capacity as an Administrative Law Judge of the National Labor Relations Board,<br><br>      Defendants. | Civil Action No. 4:24-cv-00989<br>Judge Amos L. Mazzant, III |

## **BRIEF IN SUPPORT OF JOINT MOTION TO BE EXEMPT FROM MEDIATION**

The parties respectfully submit this Brief in Support of their Joint Motion to Be Exempt from Mediation. The parties rely on and incorporate by reference the arguments set forth in the accompanying Joint Motion to be Exempt from Mediation. For the reasons stated therein, the parties respectfully request that the Court grant the Joint Motion and exempt the parties from the mediation requirement set forth in the Court's Scheduling Order (ECF No. 82), as modified by the Court's September 30, 2025 Order. (ECF No. 84).

Respectfully submitted,

*/s/ Grace L. Pezzella*
Grace L. Pezzella
Attorney
National Labor Relations Board
Contempt, Compliance, & Special Litigation
Branch
1015 Half St. SE
Washington, D.C. 20003
202-273-0247
grace.pezzella@nlrb.gov

Respectfully submitted,

*/s/ Eric C. Wood*
Eric C. Wood
State Bar No. 24037737
eric@brownfoxlaw.com
BROWN FOX PLLC
6303 Cowboys Way, Suite 450
Frisco, TX  75034
(214) 327-5000

Maureen Rouse-Ayoub*
Michigan Bar No. P46301
mrayoub@varnumlaw.com
VARNUM LLP
39500 High Pointe Blvd., Suite 350
Novi, MI  48375
(248) 567-7807

Neil E. Youngdahl*
Michigan Bar No. P82452
neyoungdahl@varnumlaw.com
VARNUM LLP
P.O. Box 352
Grand Rapids, MI  49501-0352
(616) 336-6000

* *Admitted pro hac vice.*

2